UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12-cr-40019-SLD-JAG |
| | ) | |
| LEON LEE LINDSEY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court is Defendant Leon Lindsey's Motion to Dismiss Count Two of the Superseding Indictment, ECF No. 23.[1]  For the reasons set forth below, the Motion to Dismiss is DENIED.

BACKGROUND

Count Two states, in relevant part, that Defendant:

did knowingly carry and use a firearm, that is, a Hi-Point 9mm pistol, during and in relation to, and did knowingly possess said firearm in furtherance of, a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the attempted possession of marijuana, a controlled substance, as charged in Count One of this Indictment . . .

ECF No. 27.  Defendant moves to dismiss Count Two of the Superseding Indictment for two reasons.  First, Defendant argues that Count Two is duplicitous because it charges two or more offenses in a single count.  Second, Defendant asserts that Count Two fails to state an offense because the offense charged in Count One and incorporated by reference in Count Two—that is, attempted possession of marijuana—is not a "drug trafficking crime" within the meaning of 18

---

[1] Defendant moved to dismiss Count Two of the original Indictment, ECF No. 23.  The Government filed a Superseding Indictment, ECF No. 27, which did not contain changes material to Defendant's Motion to Dismiss Count Two, so Defendant orally renewed that motion at a hearing on August 29, 2013.

U.S.C. § 924(c). And because a "drug trafficking crime" is an essential element of § 924(c), Defendant argues that Count Two must be dismissed. The Court finds that Count Two is not duplicitous, and that it states an offense.

## DISCUSSION

### I.    Count Two is Not Duplicitous

"An indictment is duplicitous if it charges two or more offenses in a single count." *United States v. Haynes*, 582 F.3d 686, 703 (7th Cir. 2009) (quoting *United States v. Pansier*, 576 F.3d 726, 734 (7th Cir. 2009)), *opinion amended on denial of reh'g*, 353 F. App'x 58 (7th Cir. 2009), *and abrogated on other grounds by United States v. Vizcarra*, 668 F.3d 516 (7th Cir. 2012). A duplicitous indictment is dangerous because a defendant may not be adequately notified of the charges against him, may be subjected to double jeopardy, may be prejudiced by evidentiary rulings at trial, or may be convicted by a less than unanimous verdict. *See United States v. Berardi*, 675 F.2d 894, 899 (7th Cir. 1982). An indictment is not duplicitous, however, if "it charges a single offense carried out through many different means." *United States v. Davis*, 471 F.3d 783, 790 (7th Cir. 2006). In sum, a count that charges multiple offenses is duplicitous, but alleging that a defendant violated a single count in multiple ways is not. As such, the critical distinction here is whether Count Two charges multiple offenses or simply alleges a single offense that can be carried out in multiple ways.

Though the Court recognizes that the Sixth and Eighth Circuits have held that § 924(c) criminalizes two separate and distinct offenses, the Seventh Circuit treats § 924(c) as one offense that can be committed in multiple ways. *Haynes*, 582 F.3d at 703. Therefore, the Seventh Circuit has found an indictment under § 924(c), like the one at issue here, to not be duplicitous because a single count alleging that a defendant "committed [a single offense] by one or more specified means" is proper. *See* Fed. R. Crim. P. 7(c)(1). In *Haynes*, the indictment charged that

one of the defendants "knowingly possessed a firearm in furtherance of, and used, carried, and brandished a firearm during and in relation to, a drug trafficking crime." *Haynes*, 582 F.3d at 703. The court determined that the count properly alleged several ways that a § 924(c) offense can be committed, and concluded that the count was not duplicitous. *Id.*

Here, Count Two alleges various ways to commit a single offense under 18 U.S.C. § 924(c)(1)(A). It charges that: "[Defendant] did knowingly carry and use a firearm, that is, a Hi-Point 9mm pistol, during and in relation to, and did knowingly possess said firearm in furtherance of, a drug trafficking crime . . . ." ECF No. 29. This language does not differ in any meaningful way from the language in the *Haynes* indictment. As in *Haynes*, the count lays out several theories of liability for a single offense in a single count. Therefore, Count Two is not duplicitous.

## II.     Count Two States an Offense

Count One of the Superseding Indictment, incorporated by reference into Count Two, alleges that Defendant, "after having previously been convicted of a drug offense in the State of Illinois, knowingly and intentionally attempted to possess marijuana, a Schedule I controlled substance" in violation of 21 U.S.C. §§ 844 and 846. Defendant argues that the allegation in Count One does not constitute a "drug trafficking crime" as it is defined in 18 U.S.C. § 924(c), so Count Two of the Superseding Indictment does not state an offense and must be dismissed.

The relevant portion of 18 U.S.C. § 924(c)(2) defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." Therefore, the question in this case is whether Count Two charges Defendant with a felony under the Controlled Substances Act. A charge of simple possession does not "rise to the level of a felony, and therefore does not establish a 'drug trafficking crime.'" *United States v. Bradley*, 381 F.3d 641, 647 n.5 (7th Cir. 2004). But simple possession becomes felonious under the Controlled

Substances Act—and therefore a "drug trafficking crime"—if a defendant "commits such an offense after a prior conviction . . . for any drug, narcotic, or chemical, offense chargeable under the law of any State." *Id.* (quoting 21 U.S.C. § 844). Here, however, Defendant is charged with *attempted* possession after a prior conviction, which is why the Superseding Indictment refers to 21 U.S.C. § 846. Attempted offenses under the Controlled Substances Act "shall be subject to the same penalties as those prescribed for the offense," 21 U.S.C. § 846. As a result, because possession after a prior conviction would be a felony, attempted possession after a prior conviction is punishable as a felony.

Taken together, the foregoing indicates that Defendant's attempted possession of marijuana after a prior conviction for a drug offense in the State of Illinois is a felony under the Controlled Substances Act, and therefore a "drug trafficking crime" as defined by 18 U.S.C. § 924(c)(2).[2] Consequently, Count Two of the Superseding Indictment correctly identifies the crime alleged in Count One as a "drug trafficking crime." Count Two, therefore, states an offense.

## CONCLUSION

Defendant's Motion to Dismiss Count Two of the Indictment, ECF No. 23, is DENIED.

Entered this 18th day of September, 2013.

s/ Sara Darrow
_____
SARA DARROW
UNITED STATES DISTRICT JUDGE

---

[2] Defendant's argument about the "commonsense conception" and "everyday understanding of 'trafficking,'" as discussed in *Moncrieffe v. Holder*, ___ U.S. ___, 133 S.Ct. 1678, 1693 (2013), is well taken. This Court is bound, however, by the plain language of the Controlled Substances Act and the definition of "drug trafficking crime" in 18 U.S.C. § 924(c)(2). Here, moreover, unlike in *Moncrieffe*, the Controlled Substances Act, "on its own terms, makes punishable as a felony" the offense charged in Count One. *Id.* at 1688. *Moncrieffe*, therefore, is inapposite.